21CV1302 (JMA) (SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 08 2021   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In The Matter of: 42-U.S.C §1983 &  1988

TRACY W. GINNERY          #  20B1008

                    Plaintiff,

            -AGAINST-

THE STATE OF NEW YORK & ACTING AGENTS THERETO;
GOVERNOR ANDREW CUOMO OF NEW YORK STATE
ANTHONY ANNUCCI
COMMISSIONER EXECUTOR OF CORRECTIONS,

DIRECTOR OF MEDICAL PAROLE
JEFF MCKOY
            Defendants.                          X

D O C K E T

N O :_____

C V #

_____

C I V I L
C O M P L A I N T
_____

J U R Y   D E M A N D

PLAINTIFF,_____#_____ACTING Pro'Se
HEREBY ALLEGES  AS FOLLOWS: THAT THIS IS A CIVIL RIGHTS COMPLAINT BROUGHT BY
THE PLAINTIFF IN THE CAPTIONED MATTER, HEREIN AS[PLAINTIFF] FOR DAMAGES THAT
ARE PURSUAT TO 42-U.S.C § 1983, WHILST IN THE CUSTODY OF THE STATE OF NEW YORK
AND FURTHER DETAINED WITHIN THE DEPARTMENT OF CORRECTIONS.

( A )

        DEFENDANTS SHOWED A GROSS NEGLIGENCE AND DELIBERATE INDIFFERENCE
TO THE EXECUTIVE ORDER ANDDEFENDANTS FAILED TO ADHERE TO EXECUTIVE ORDERS
PURSUANT TO THE COVID-19 PROTOCOLS IN PLACE BY EXECUTIVE ORDER.

J.U.R.I.S.D.I.C.T.I.O.N

        THIS ACTION ARISES UNDER THE JURISDICTION OF FIFTH AND EIGHTH
AMENDMENTS ASWELL THE FOURTEENTH AMENDMENT (42-U.S.C § 1983)
THE JURISDICTION OF THIS COURT IS PREDICATED UPON §§ 1331 and 1343(a)(3-4).
FURTHER JUDICATED BY WAY OF 28-U.S.C  § 1367.

11

# F E D E R A L   L A W S
*************************

UNITED STATES CONSTITUTION....................FIFTH AMENDMENT
UNITED STATES CONSTITUTION....................EIGHTH AMENDMENT
UNITED STATES CONSTITUTION....................FOURTEENTH AMENDMENT

# S T A T E   L A W S
*********************

NEW YORK CONSTITUTION.........................ARTICLE 1 § 5
MODEL PENAL CODE.............................. § 7.01 Subd (2)

# S U P P O R T I N G   C A S E   L A W
***************************************

FARMER-V-BRENNAN, 511,U.S. at 834
HELLING-V-MCKINNEY,509,U.S. at 35
TRIESMAN-V-BUREAU OF PRISONS,470,F.3d,471,474(2nd Cir 2006)
PABON-V-WRIGHT,459,F.3d,241,248(2nd Cir 2006)
ERICKSON-V-PARUS,551,U.S.,89,94,127,S.CT,2197,167,L.Ed,2d,1081(2007)
PICARD-V-CONNOR,404,U.S.270(1970)
PEOPLE-V-NOTEY; NEXIS LEXIS
MICHIGAN COURT OF APPEALS (2-1) decision(MAY 28,2020)(http://apnews.com)
PLATA-V-BROWN,U.S. Dist, Lexis Nexis 90669(June 24,2013)
GLAUS-V-ANDERSON,408,F.3d,382,387,(7th Cir 2005)
PEOPLE-V-PURLEY,747,A.D.2d,499(1st Dept 2002)
BERGAMASHI-V-CUOMO,NO:20-CV-2817
CALIFORNIA "VALLEY FEVER "
CITY OF REVERE,463,U.S.239,244,103,S.CT 2997
MCPHERSON-V-LAMONT,NO:3:20-CV-534 WL 2198279 at*5
THOMAS-V-CHOINSKI,525,F.3d,205,209(2nd Cir 2008)

# S U P P O R T I N G   C A S E   L A W

PEOPLE-V-ANONYMOUS/WEST LAWNEXT

PEOPLE-V-NOTEY/ WESTLAW NEXT

MODEL PENAL CODE § 7.01 Subd (2)

JACKSON-V-BISHOP, 404 F.2d,571,579(1968)

TROP-V-DULLES, 356,U.S.86 Supra at 101

GREGG-V-GEORGIA,428, U.S. 153 Supra at 172-173

ESTELL-V-GAMBEL,429.U.S.97, 102-103

MATZELL-V-ANNUCCI A.D.3d,(2020) WL.930433, 3rd dept (2/27/2020)

WEEMS-V-UNITED STATES, 217.U.S. 284,349, Supra at 378

WILKERSON-V-UTAH, 99.U.S 130 Supra at 136

LAAMAN-V-HELGENCE,437 F. Supp 269,323

JOHNSON-V-HARRIS,479 F. Supp 333.


FEDERAL QUESTION.

13

# SUPPORTING CASE §§ 1983
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

See:    STEWARD-V-WOLCOTT,(2020 West Law 2846949)[Western District]

See:    BROOKS-V-WOLCOTT, (2020 West Law 255303) [Western district]

See:    McPHERSON-V-LAMONT,(2020 West Law 2198279-at-*5)[NO: 3:20-CV-534]

See:    STEWART-V-STATE OF NEW YORK,(NO: 2:20-CV-2136)[Eastern District]
        " State argues that plaintiffs challenge to conditions of confinement
        are to be raised pursuant to §42-U.S.C §§ 1983."

See:    BRADY-V-WOLCOTT, (NO: 19-CV-1280-at*5) (Western District)

See:    THOMPSON-V-CHOIONSKI, (525, F.3d.205,209) ( 2nd Circuit 2008)

# S O U R C E S   O F   I N F O R M A T I O N
************************************************

WORLD HEALTH ORGANIZATION

CENTER FOR DISEASE CONTROL AND PREVENTION

WHITE HOUSE TASK FORCE

DR. ANTHONY FAUCI

DR. DEBORAH BIRX

DR. MIKE RYAN

DR. SALLY AIKEN

UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES SURGEON GENERAL

HON. ANDREW M. CUOMO

SENATOR, KAMALA HARRIS   (CURRENT VICE PRESIDENT OF THE UNITED STATES 2021)

REPRESENTIVE, HAKIM JEFFRIES

ASSOCIATED PRESS NEWS.

14

## P R I M A   F A C I E

IN THE INSTANT MATTER THE PRIMA FACIE IS SHOWN BY WAY OF THE DEFENDANTS
ACTIONS OR INACTIONS TO COMPORT AND ACT CONSISTANT WITH PROTOCOL.
IN FACT THE DEFENDANTS HAVE SHOWN THROUGH A PATTERN OF FAILED ATTEMPTS TO
REDUCE THE RATE OF INFECTION IN DEPARTMENT OF CORRECTIONS, HOWEVER THE RATE
OF INFECTION SIMPLY CONTINUES TO GROW AS ACTS SUCH AS THE INSTANT MATTER
ARE CONSISTENT WITH RECKLESS EXPOSURE.

THE ACTS ARE A RESULT OF ACTIONS THAT STEM AS FOR BACK AS MARCH 2020,
WHERE THE DEPARTMENT OF CORRECTIONS HAD NO PROTOCOL SET IN PLACE FOR THE
ARRIVAL OF NEW INCOMING PRISONERS. (See Harvey Weinstien Transfer)(infected)
DEFENDANTS ACTS CONTINUED UNTIL THE PROTOCOLS WERE SET IN PLACE FOR SAID
DIRECTION OF MAINTAINING AND HANDLING OF COVID-19[MOVEMENT]
THE MATTER WAS MERELY COMPOUNDED BY AGENTS ON THE DATES IN QUESTION OF SAID
CLAIMS.

## E V I D E N C E   R E L I E D   U P O N

DEFENDANTS LOG, MOVEMENT AND CONTROL LOG BOOKS FOR EACH AND EVERY
THERETO HOUSING UNIT WITHIN THE FACILITY , AS SUCH SHOWS THE DATES AND TIMES
ASWELL THE MOEVMENT AND INDIVIDUALS WITHIN THE TIME FRAM OF NOVEMBER 15th,2020
THROUGH DECEMBER ASWELL JANUARY 6th 2021.
SUCH FURTHER WILL SHOW THAT PROPER PROTOCOL WAS NOT USED DURING THE COMPLAINED
OF DAYS AND ACTS IN QUESTION. EVEN IF STATE IS NOW PROPERLY FOLLOWING SAID
PROTOCOL,ON THE DAY IN QUESTION THE STATE DID NOT FOLLOW PROPER PROTOCOLS.

## E X H A U S T I O N
## E X E C U T I V E   P O L I C Y

THE CLAIMS HEREIN THIS COMPLAINT WERE GRIEVED TO THE GRIEVANCE DEPT
ASWELL C.O.R.C, AS MULTIPAL DUPLICIOUS GRIEVANCES WERE BEING FILED AND OR
ATTEMPTED FILING WHEN THE EXECUTIVE BRANCH ADDRESSED SAID CONCERNS DEALING
WITH SAME CONDITIONS. WITH EXCEPTION TO THE ENDING OF THE DOUBLE BUNKING
THE ISSUES SEEMED TO HAVE BEEN ANSWERED BY THE EXECUTIVE OFFICE AND FURTHER
GIVING INSTRUCTIONS TO ITS AGENTS TO FOLLOW PROTOCOLS(see Anthony Annucci Memo)

## P R I O R   C O M P L A I N T S
## N O T I C E S   O F   I N T E N T

EXECUTIVE BRANCH OF THE STATE OF NEW YORK AND ITS AGENTS THERETO DID SO MAKE A **FINAL** DETERMINATION THAT IS NOT WITH RESPECT GRIEVABLE. FURTHERMORE THE EXECUTIVE DEPARTMENTS AND ITS AGENTS CHOSE TO ADOPT THE C.D.C AND THE NEW YORK STATE DEPART OF HEALTH GUIDELINES TO MINIMZE THE SPREAD AND OR INFECTION RATE.

COMMISSIONERS ORDERS ARE NOT RESPECTIVELY GRIEVABLE BASED ON THE FACT THAT COMMISSIONER IS HIGHEST AUTHORUTY WITHIN THE MEANING OF ADMINISTRATION AND EXECUTIVE BRANCH, THEREFORE ANY DECISION AND OR DETERMINATION BECOMES FINAL, THERE IS NO OTHER FORM OF AUTHORITY BEYOND SAID COMMISSIONER[ANNUCCI] TO APPEAL TO.
IN ANY EVENT (See: Stewart-V-State of New York2:20-CV-02136)(JMA) proper forum is by way of 1983, NEW YORK STATE ATTORNEY GENERAL RESPONSE TO CLAIM, AS HABEAS CORPUS CAN NOT GIVE RELIEF THAT IS SOUGHT IN THE CHALLENGED CONDITIONS OF CONFINEMENT.

FURTHERMORE SIMALAR GRIEVANCES WERE FILED WITH RESPECT TO THE HEREIN COMPLAINED OF ISSUES: (See-Steward-V-Wolcott,2020 WL 2846949)(WDNY) STATE AND AGENTS WERE DULY SO PLACED ON NOTICE OF COMPLAINED CONDITIONS AND PRISON SETTING DURING THE COVID-19 PANDEMIC, THEREFORE DEFENDANTS FAILURE TO REDRESS AND OR REMEDY THE CLAIMS AND OR ISSUES THERETO EXHAUSTED ANY OTHER FURTHER ADMINISTRATIVE REMEDY.

DEFENDANTS CHOSE TO ADOPT THE HEALTH GUIDELINES AND AGREED TO COMPORT AND IMPLEMENT THE PROPER PROTOCOL IN RESPONSE TO ADDRESS PRISONER CLAIMS THAT WERE PRESENTED PRIOR.

FINALLY BASED ON THE FACT THAT THE EXECUTIVE BRANCH HAS FAILED TO GIVE ANY FURTHER REMEDY AFTER (30)-DAYS OF CLAIMS GRIEVANCES OR NOTICES.
IN THE INSTANT MATTER THE DEFENDANT WAS ON NOTICE SINCE AUGUST 2nd ,2020 WELL OVER SIX MONTHS SUCH IS DEEMED EXHUASTED.
(See:HAYES-V-DAHLKLE,2020 WL. 5883945)(2nd Cir oct 5,2020)
Such is Exhausted and claim may proceed.

| NEW YORK STATE Corrections and Community Supervision | Grievance Number ORL-0156-20 | Desig./Code I/23 | Date Filed 06/29/20 |
|---|---|---|---|
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Associated Cases | | Hearing Date 09/17/20 |
| | Facility Orleans Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance COVID-19 Conditions | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the Department's paramount concern at this time is to make every reasonable effort to ensure the health and protection of all incarcerated individuals and staff relative to the COVID-19 pandemic, which is also affecting all New Yorkers. Facility Superintendents are briefing ILCs on a regular basis to ensure the sharing of information.

With regard to the grievant's appeal, CORC advises him to address safety concerns to area supervisory staff, at that time, and medical issues via sick call for the most expeditious means of resolution.

RAL/

-----

**RECEIVED**

NOV 1 9 2020

**IGRC**

This document has been electronically signed by Shelley M. Mallozzi

(12)

| NEW YORK STATE **Corrections and Community Supervision** | Grievance Number ORL-0134-20 | Desig./Code I/23 | Date Filed 06/15/20 |
|---|---|---|---|
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Associated Cases | | Hearing Date 09/03/20 |
| | Facility Orleans Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance COVID-19 Conditions | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED AS WITHOUT MERIT

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied as without merit. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the Department's paramount concern at this time is to make every reasonable effort to ensure the health and protection of all incarcerated individuals and staff relative to the COVID-19 pandemic, which is also affecting all New Yorkers. Facility Superintendents are briefing ILCs on a regular basis to ensure the sharing of information. If the grievants are exhibiting symptoms, they should seek immediate medical attention as directed by facility procedures.

With respect to the grievant W...'s appeal, CORC asserts that a release from the custody of DOCCS is not an available remedy via the IGP. CORC finds insufficient evidence to substantiate a violation of Department policy, improper medical care or malfeasance by staff.

JNA/

---

---

RECEIVED

NOV  3 2020

IGRC

This document has been electronically signed by Shelley M. Mallozzi

(13)

*Commission Conduct*
*Answered*
*Dec 15th 2020*

FORM 2131E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

Grievance No.

_Orleans_ _____ CORRECTIONAL FACILITY

Name: _Stewart, Jesse_    Date: _4/25/2020_

Dept. No.: _16A5508_  Housing Unit: _F 1-9_

Program: _____  AM ____  ✓ ____ PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\***

Description of Problem: (Please make as brief as possible) _I Suffer from underlying medical Conditions and believe the State Should Quarantine prisoners upon arrival at facility, As I was in the F-1 Dorm when upon Draft procedure intake 16-individuals whom had come into Contact with Harvey Weinstein upon transfer and the News States that He is A positive Carrier of Covid-19, I fear Contracting the virus. Prisoners were Quarantined in gym After being in Dorm For 3 weeks_

Grievant Signature: _Jesse Lee Stewart Jr. (JS)_

Grievance Clerk: _____   Date: _____

Advisor Requested  ☐ YES  ☐ NO   Who: _____

Action requested by inmate: _That Newly arrived prisoners be Quarantine for A minimum of ten days, And that the Department of Corrections look into the possibility of testing prisoners for Covid_

The Grievance has been formally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____           Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
An exception to the time limit may be requested under Directive #4040.

# S T A N D A R D   O F   R E V I E W
*************************************

IN THE MATTER OF THE INSTANT PETITION BEFORE THE COURT, THIS COURT MAY ACCEPT,REJECT,OR MODIFY, IN WHOLE OR IN PART THE FINDINGS BEFORE THE COURT. " WHEN PETITIONER IS 'PRO SE', PETITIONERS SUBMISSION "SHOULD" BE CONSTRUED **LIBERALY** AND **INTERPRETED** TO RAISE THE " **STRONGEST** " ARGUMENTS THAT IT SUGGEST.

(Triesman-V-Bureau of prisons, 470 F.3d,471,474)[2nd Cir 2006]
(Pabon-V-Wright,459 F.3d,241,248)[2nd Cir 2006]

PETITIONER AFFIRMITIVELY STATES THAT SHOULD THE MATTER BE DENIED IT APPEALS TO THE EXHAUSTION REQUIREMENT, THAT IS NEEDED TO RAISE THE CLAIMS BEFORE A FEDERAL COURT BASED ON THE FEDERAL AND STATE CONSTITUTIONAL VIOLATIONS PRESENTED HEREIN THIS PETITION TO THE COURT. THE STATE COURT SHOULD FURTHER BE MINDFUL THAT 'PRO SE' PETITIONS ARE HELD TO A LESS STRINGENT STANDARD AS IT IS NOT DRAFTED BY ATTORNEY.

(Erickson-V-Parus,551.U.S,89,94,127, S. CT ,2197,167 ,L.Ed.2d 1081)[2007]

IN THE INSTANT PETITION THE COURT SHOULD DIRECT THE RELIEF AND ORDER TO SHOW CAUSE AS TO WHY THIS PETITIONER SHOULD NOT BE GRANTED THE HEREIN RELIEF THAT IS SOUGHT TO PLACEMENT OF HOME CONFINEMENT DURING THE TIME OF EXTRAORDINARY CIRCUMSTANCES AND NATIONAL CRISIS.

(Picard-V-Connor,404,U.S.270)[1971]

THE NEW YORK STATE LEGISLATURE ASWELL GOVERNOR OF THE STATE OF NEW YORK HAVE FAILED AND DELIBERATELY HAVE NOT TAKEN ACTIONS THAT DIRECT HOW THE STATE CORRECTIONS INTENDS ON GUARDING THE VULNERABLE PRISONERS FROM THE COVID-19, LET ALONE PREVENT THE DEATH OF THE COMPROMISED PETITIONER AND OTHER PRISONERS HENCE. THE UNITED STATES DEPARTMENT OF JUSTICE HAS CALLED FOR THE REDUCTION IN PRISON POPULATIONS NATIONWIDE.

1.  **Petitioner's Claim 1983 Cognizable in a Section 42-U.S.C § 1983 Petition.**

Petitioner's claim that the conditions at Orleans Correctional Facility expose him to a constitutionally proscribed risk of serious illness or death is properly the subject of a civil rights action under 42 U.S.C. § 1983.

There are "two main avenues to relief" under federal law for complaints related to state imprisonment: (1) petitions for habeas corpus under 28 U.S.C § 2254; and (2) complaints under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are the appropriate vehicle for challenges to "the validity of any confinement or to particulars affecting its duration." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). For relief "turning on circumstances of confinement," a § 1983 complaint provides the appropriate cause of action. *Id.*; *accord Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2d Cir. 1977).

Here, petitioner's claim that he is not being adequately protected against COVID-19 infection is a challenge to the conditions,         fact or length of his confinement. Accordingly, a § 1983 civil rights complaint is the appropriate vehicle to address petitioner's claim. *See, e.g., Garver v. Supt. Oneida Corr. Facility*, No. 10 Civ. 6142T, 2011 U.S. Dist. LEXIS 82811, at *2-3 (W.D.N.Y. Jul. 28, 2011); *Bermudez v. Conway*, No. 09 Civ. 1515, 2011 U.S. Dist. LEXIS 42773 (E.D.N.Y. Apr. 20, 2011). Other courts addressing         applications for release due to COVID-19 have reached the same conclusion. *See Jefferson v. Ohio*, No. 18 Civ. 779, 2020 U.S. Dist.

# C.O.G.N.I.Z.A.B.L.E....C.L.A.I.M.S

#1]
## O N E

GOVERNMENT FAILED TO PROTECT PRISONERS HEALTH AND SAFETY AS REQUIRED BY WAY OF FEDERAL AND STATE LAW, BY WAY OF EXECUTIVE ORDERS AND PROTOCOLS AND POLICY.

#2]
## T W O

GOVERNMENTS USE OF HEALTH AND SAFETY PROTOCOL ARE WITHIN THE FOUR CORNER OF THE FACTOR TO BE CONSIDERED IN DETERMINING WHETHER GOVERNMENT COMPLIED WITH AND COMPORTED WITH HEALTH PROTECTIONS AND PROTOCOLS AT THE TIME OF SAID CLAIM OF AGRIEVED.

#3]
## T H R E E

DEFENDANTS FAILED TO PROPERLY COMPORT PROTOCOLS PURSUANT TO EXECUTIVE [LAW] AND POLICY, BY WAY OF THE C.D.C AND THE NEW YORK STATE DEPT OF HEALTH. FURTHERMORE BEING SO ADOPTED BY THE STATE OF NEW YORK EXECUTIVE OFFICE OF THE GOVERNOR AND THE AGENTS THERETO OF THE OFFICE OF THE GOVERNOR; SAID PROTOCOLS BEING COVID-19- POLICY AND PROCEDURE ASWELL CONTACT TRACING AND ISOLATION AND QUARANTINE PROTOCOLS.

## E X E C U T I V E   O R D E R

PURSUANT TO THE COMMISSIONER OF CORRECTIONS IN ORDER AND MEMORANDUM ISSUED ON OR ABOUT DECEMBER 15th/2020, STATES THERETO; THAT " IMMEDIATE : ISOLATION IS REQUIRED] TO REDUCE THE INFECTION RATE.

HOWEVER PRISON OFFICIALS RELEASED INFECTED PERSONS INTO THE POPULATION WITHOUT PROPER PROTOCOL FOR ISOLATION AND CONTAINMENT OF VIRUS IN FACT THE DEFENDANTS ACTUALLY INCREASED THE RATE OF INFECTION BY SAID ACTIONS HEREIN THE COMPLAINT.

#4]
## F O U R

ON OR ABOUT DECEMBER 4th, 2020, PRISONERS WHOM HAD BEEN IN CONTACT WITH POSSIBLE KNOWN INFECTED AND OR CONFIRMED INFECTED PERSONS [CIVILIAN] WERE SENT BACK TO HOUSING UNITS AND WERE NOT IMMEDIATEDLY QUARANTINED.

#5]

## F I V E

FURTHERMOR ON OR ABOUT THE 20th DAY OF DECEMBER 2020, THE DEFENDANTS DID SO RELEASE INDIVIDUALS PRIOR TO EXPIRATION OF QUARANTINE DATES AND OR ACTUAL TEST RESULTS. UNDER THE LAW AT THE TIME ADOPTED SAID QAURANTINE TIME WAS 14-DAYS AND OR RETURN OF TEST RESULTS AND OR NO SYMPTOMS. PRISONERS IN QUESTION WERE DO TO EXPIRE ISOLATION ON OR ABOUT THE 22nd DAY OF DECEMBER 2020, HOWEVER PRISONERS WERE ALREADY PLACED IN GENERAL POPULATION AND CONFIRMED COVID-19 POSITVE ON DECEMBER 22nd, 2020.

## P R E F A C E    S T A T E M E N T
*********************************

(a) ESTEEM, JUDGE OF THE EASTERN DISTRICT FEDERAL COURT OF NEW YORK STATE, WHOM IS GUIDED BY THE STRONG FOUNDATION OF THE UNITED STATES CONSTITUTION AND LAWS OF THE UNITED STATES. MUCH IS GIVEN UNTO THEE THE WILL OF STRONG CENTRALIZED POWERS.

(b) PETITIONER ASK THAT THIS COURT INVOKE ITS INHERENT POWER AND SO RENDER JUSTICE WITH THE SCALES OF FUNDEMENTAL EXACTION, BY SO BALANCING THE SCALE OF RETRIBUTION AND THE SCALES OF HUMANITY PURSUANT TO THE UNITED STATES CONSTITION ASWELL THE TREATY OF HUMAN RIGHTS.

(c) IT MUST BE REITERATED THAT THE PRIMARY REASON FOR SUCH IS WHEN THE STATE ITSELF MAY LACK OR BE SO APPREHENSIVE, TREPIDATION OF TRUE FUNDEMENTAL ACCOUNTABILITY FOR THE PROPER DOING. IN LIGHT OF SUCH CONGRESS INTENDED TO PROTECT THE RIGHTS OF THOSE INCARCERATED WITH OUT IMPEDING ON CIVIL RIGHTS GUARANTEED UNDER THE CONSTITUTION AND HUMAN RIGHTS TREATY.

(d) AS THIS COURT SO CONSIDERS THE PRESENTED PETITION AND QUESTIONS OF EXTRAORDINARY CIRCUMSTANCES IN THE INSTANT MATTER, AND IN LIGHT OF THE WEIGHT OF THE PETITIONERS FOREGOING HEALTH. IT IS AFFIRMATIVE THAT THE PERCENTAGE OF PERSONS EFFECTIVE HIGHLY BY THE COVID-19, ARE THOSE AS THE PETITIONER, PRISONS AND SENIORS OF AGE, ARE HIGHLY LIKELY TO SUCCUMB TO THE COVID-19 IF THEY CONTRACT COVID-19.

(e)    THE PETITIONER IN THE INSTANT MATTER DOES FACE GRAVE IRREPARABLE HARM IF THE PETITIONER CONTRACTS THE VIRUS, THE COURTS HAVE ALREADY STATED IN THE LAND MARK CASE,(MAPP-V-RENO,241 F.3d 221,226(2nd Cir,2001)) THAT THE DISTRICT COURT DOES SO HAVE INHERENT POWER TO INTERCEDE IN THE INSTANT MATTER THE PETITIONER HAS EXHAUSTED THE REMEDIES PROVIDED

(f)    THEREFORE THE CONSTITUTIONS EIGHTH AMENDMENT ASWELL THE DECLARATION OF THE UNIVERSAL HUMAN RIGHTS TREATY OF 1948, GIVE RISE TO FURTHER PROTECT THE RIGHTS OF THOSE INDIVIDUALS POOR OR AND INCARCERATED FROM THE ABUSE AND NEGLIGENCE OF AUTHORITY, HENCE THAT CAN OR COULD BE PREVENTED WHEN SUCH IS INFACT FORESEEABLE.

(g)    IT IS FURTHER STRESSED THE EQUALITY OF INDIVIDUALS AND PROVIDES UNDERSTANDING OF THE RIGHTS AND FREEDOMS THAT EVERY STATE, COUNTRY AND NATION MUST OBSERVE. WHERE RECOGNITION OF INHERENT POWER AND DIGNITY AND THE EQUAL AND INALIENABLE RIGHTS OF ALL MEMBERS OF THE HUMAN RACE ARE THE SO FOUNDATION OF JUSTICE.

(h)    THE STATES INTENT MAY BE WELL HOWEVER, IT CAN NOT AVOID THE HEREIN FORESEEABLE IRREPARABLE HARM THE PETITIONER WOULD INFACT SUFFER. AND IN LIGHT OF SUCH IT IS THE PAST DISREGARD THAT THE DEPARTMENT OF CORRECTIONS HAS TAKEN BY WRONGFULLY MISINTERPRETING THE LEGISLATIVES INTENT TO SUCH EXECUTIVE LAWS SURROUNDING RELEASE OF MEDICAL PRISONERS. SUCH SHOULD SHOCK THE CONSCIOUS WHEN COMFRONTED, OF NOT ONLY THIS ESTEEM COURT BUT THAT OF SOCIETY.

(i)    THUS WHEN PRESENTED AND CONFRONTED WITH THE PRESENT SITUATION IT IS FORMALY BASED ON THE ISSUE OF WHETHER THOSE ENTRUSTED WITH THE PETITIONERS LIFE CAN PREVENT THE DEATH, AND FURTHER DOES THE PETITINERS LIFE OUTWEIGH THE REMAINDER OF THE IMPOSED SENTENCE THAT IS NOW UNDULY HARSH AND UNDUE HARDSHIP.

# L E G A L   B A S I S
## E X T R A O R D I N A R Y   C I R C U M S T A N C E S
### C O V I D   ---1 9

THE EXTRAORDINARY CIRCUMSTANCES CAN NOT BE MINIMIZED AS THE RISK AND FORESEEABLE DANGER TO THE PETITIONER EXIST BASED ON THE CURRENT VIRUS COVID-19, WHICH POSES A SIGNIFICANT HARDSHIP UPON THIS PETITIONER SUCH IS DEEMED UNCONSTITUTIONAL BY THE UNITED STATES CONSTITUTION.

COUNTY AND CITY, ASWELL STATE FACILIIES HAVE SEEN AND INCURRED A PANDEMIC OF THE VIRUS WITHIN THE INSTITUTIONS IN NEW YORK STATE, AND IT HAS RESULTED IN THE QUARANTINE OF THOUSANDS OF PRISONERS, TO TRY AND DETER THE SPREAD OF THE VIRUS THE STATE IS NOT PREPARED FOR OR EQUIPED FOR THE CORONA-19 VIRUS, HOWEVER IN SUCH TIMES IT IS NOT A MATTER OF "IF" BUT WHEN THE VIRUS INTRUDES THE FACILITY THAT THE PETITIONER IS IN THE PETITIONER IS WITH OUT DOUBT TO SUCCUMB TO THE VIRUS BASED ON THE PETITIONERS HEALTH.

PETITIONER IS AT HIGH RISK TO SUCCUMB TO THE VIRUS UPON ITS ARRIVAL LAWYERS IN THE STATE HAVE ALREADY BEGAN THE FILINGS OF WRITS TO FREE PRISONERS SUCH AS THE PETITIONER, AS THE PETITIONER IS A VULNERABLE PERSON WHILE INCARCERATED. PETITIONER IS UNABLE TO MANDATE THE EXECUTIVE LAWS BY MAINTAIANING SIX FEET APART OR THE AVAILABLE MEANS OF BEING HOME CONFINE. THE STATE DEPARTMENT OF CORRECTIONS IS NOT PREPARED FOR THE OUT BREAK AS THE UNITED STATES WAS NOT SO PREPARED BUT WAS ABLE TO USE SENSIBLE AND SAFE MEASURES TO PROTECT THE VULNERABLE AND ELDER.

THE UNITED STATES SURGEON GENERAL HAS DECLARED THAT THE VIRUS SPREADS RAPIDLY IN CLOSE QUARTERS, AND NURSING HOMES AND PRISONS ARE AT THE GREATEST RISK OF HIGH RATE OF INFECTION, INFACT PRISON PERSONNEL HAVE ALREADY BEEN DIAGNOSED WITH COVID-19, THIS DIFFICULT TIME AND DECISION DEALING WITH SUCH A TENDER ISSUE AND REST ON THE UNITED STATES RIGHTS OF THE CONSTITUTION, ASWELL NEW YORK CONSTITUTION

BASED UPON THE PRESIDENTS EXECUTIVE ORDERS AND FURTHERMORE THE
NEW YORK STATE GOVERNORS EXECUTIVE ORDERS, "PAUSE ORDER" ASWELL THE
SOCIAL DISTANCE ORDER, IT CAN BE AFFIRMITIVELY STATED SUCH IS IMPOSSIBLE
TO DO SUCH INSIDE A CORRECTIONAL FACILITY WHERE THE QUARTERS ARE CLOSE
AND RAPID TOUCHING OF ALL OBJECTS IS UN AVOIDABLE.


## CORONAVIRUS CURRENT AVAILABLE FACTS RELATED COVID--- 19

COVID-19, KILLS BY INFLAMING AND CLOGGING THE TINY AIR SACS IN THE
LUNGS CUTTING OFF THE BODY'S OXYGEN SUPPLY UNTIL THE ESSENTIAL ORGANS FOR
LIFE DEPLETE AND SHUT DOWN.

THE BODY'S IMMUNE SYSTEM, ATTEMPTING TO STAGE OFF THE INFECTION,
GOES HAYWIRE, CLINICAL CLINICIANS AROUND THE WORLD INCLUDING THE UNITED
STATES CONFIRM THAT PERSONS SUCH AS THE PETITIONER WHOM HAVE UNDERLYING
MEDICAL CONDITIONS THAT ARE IMMUNODEFICIENT, WITH A WEAKEN IMMUNE SYSTEM
ARE 10-TIMES LIKELY TO SUCCUMB TO THE VIRUS.

IN THE SUBSET OF COVID-19, CASES RESEARCHES HAVE FOUND THAT AN
IMMUNE SYSTEM BATTLING THE VIRUS INFECTION GOES INTO HYPER DRIVE, CAUSING
THE UNCONTROLABLE RELEASE AND RESPONSE OF THE SUBSTANCE CALLED CYTOKINES.
THAT RESULTS TO DAMAGE OF MULTIPAL ORGANS SUCH AS LIVER, KIDNEY, HEART.


THE PETITIONER IN THE CUSTODY AND CLOSE QUARTERS IS NOW SO
HIGHLY SUSCEPTABLE TO THE INFECTION AND THE HIGH RISK TO SUCCUMB TO IT.
THE PREVALENCE OF THESE EFFECTS ARE TOO GREAT TO SIMPLY OVERLOOK WHEN
ONE DOES NOT HAVE THE PROPER PROTECTION OR MEANS TO PROTECT ONES SELF
AGAINST THE FORESEEABLE AND KNOWINGLY COMING OF SUCH VIRUS.
THE KEEPERS ARE ILL PREPARED FOR SUCH OUT BREAK AND HAVE LITTLE TO NONE
OF ANY PREVENTIVE OR PROTECTIVE MEASURES TO ENSURE SAFETY.

## C A U S E   O F   A C T I O N
### P R I S O N E R S   F I F T H   A M E N D M E N T
### P R I S O N E R S   E I G H T H   A M E N D M E N T
**********************************************

(A)     PETITIONER HAS A RISK OF SEVERE, IRREPARABLE HARM BY WAY OF THE SPREAD OF COVID-19 VIRUS WITHIN THE PRISON SYSTEM.

(B)     PETITIONER SUFFERS FROM UNDERLYING MEDICAL CONDITIONS THAT MAKE THE RISK SUBSTANTIALLY HIGHER THAN THOSE WITHOUT ANY UNDERLYING CONDITIONS.

(C)     DEPARTMENT OF CORRECTIONS MEDICAL PERFORMANCE WITH OUT COVID-19 PANDEMIC WAS BELOW SUBPAR, AND LACKS SUFFICIENT TREATMENT FOR THOSE WHO SUFFER FROM SERIOUS UNDERLYING CONDITIONS SUCH AS THE PETITIONER.

(D)     IT IS UNCONTROVERTED EVIDENCE THAT THE STATE CAN NOT PROTECT THE PETITIONERS RIGHT TO BE FREE FROM HARM WHILE INCARCERATED WITHIN THE PRISON .

(E)     IT IS UNCONTROVERTED EVIDENCE THAT THE STATE CAN NOT PREVENT THE RAPID SPREAD OF THE COVID-19 VIRUS WITHIN THE FACILITIES.

(F)     IT IS UNCONTROVERTED EVIDENCE THAT THOSE AT GREATER RISK TO SURELY SUCCUMB TO THE COVID-19 VIRUS ARE THOSE WITH UNDERLYING MEDICAL PROBLEMS AND ADULTS OVER THE AGE OF 65.

(G)     IT IS UNCONTROVERTED EVIDENCE THAT THE COVID-19. VIRUS SPREADS RAPID WITHIN FACILITIES SUCH AS, NURSING HOMES, PRISONS, CRUISE SHIPS ALL PLACES HAVE CLOSE PROXIMITY THAT CAN NOT BE AVOIDED.

# ILLEGAL CONFINEMENT CONSTITUTIONAL RIGHTS CLAIM
**************************************************

## ( A )

UNITED STATES FIFTH AND EIGHTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. PROHIBITS AGAINST CRUEL AND UNUSUAL PUNISHMENT. UNITED STATES CONSTITUTION ASWELL THE STATE OF NEW YORK CONSTITUTION ARTICAL 1 § 5, PROHIBIT AGAINST SUCH.

## CLAIMS
**********

PRISON OFFICIALS FAIL TO GUARANTEE THE PETITIONERS SAFETY AND PROTECTION FROM THE DEADLY COVID-19 VIRUS. AS PRISON OFFICIALS CAN NOT STATE THAT THERE IS ANY MEASURE THAT THEY CAN USE AFFIRMITIVELY TO PREVENT THE SPREAD OF THE VIRUS WITHIN THE CORRECTIONAL FACILITIES.

THEREFORE THE PRISON OFFICIALS HAVE SHOW A INDIRECT AND DIRECT DELIBERATE INDIFFERENCE TO THE PETITIONERS WELLBEING. BASED UPON THE SUBSTANTIAL RISK OF SERIOUS IMMINENT DANGERS, AND THE FORESEEABLE SEVERE HIGH RISK TO FUTURE HARM. PETITIONER IS CURRENTLY INCARCERATED IN THE DEPARTMENT OF CORRECTIONS IN NEW YORK STATE WHERE THE CONDITIONS DO POSE A SIGNIFICANT HARDSHIP ASWELL RISK TO FUTURE SERIOUS IRREPARABLE HARM.

## DELIBERATE INDIFFERENCE
*******************************************

PRISON OFFICIALS ALLEGED MEASURES DO NOT PREVENT OVER CROWDING AND VIOLATIONS OF HEALTH OFFICIALS ON BOTH FEDERAL AND STATE LEVELS. THIS IS IN RESPECT TO THE SOCIAL DISTANCE REQUIREMENTS AND SELF ISOLATION, AS OTHERS WITHIN PRISON SETTING PLACE THE PETITIONER AT GREAT RISK.

PRISON OFFICIALS ALLEGED MEASURES ARE MERE "SMOKE SCREEN" " RED HERRING ", AND ARE SIMPLY IMPRACTICABLE TO DO WITHIN THE PRISON SETTING WITH THE STATES OVER CROWDING. PRISON STAFF ASWELL SUPERINTENDENTS REFLECT A STATE OF MIND THAT IS AKIN TO RECKLESSNESS AND DISREGARD OF THE RISK OF HARM AND FUTURE HARM PRESENTED.

25

THE PETITIONER MOVES THIS COURT FOR AN ORDER DIRECTING THE STATE OF NEW YORK TO SHOW CAUSE, AS TO WHY THE PETITIONER ~~SHOULD~~ SHOULD NOT BE SO GRANTED TO THE EXTENT HEREIN THIS PETITION BEFORE THE COURT, AND FURTHER WHY RELEASE TO ELECTRONIC MONITORING WOULD NOT BE FURTHER SUITABLE FOR THE PETITIONER IN THE INSTANT MATTER.

PETITIONER IS CURRENTLY DETAINED BY WAY OF A NEW YORK STATE CONVICTION AND IS CURRENTLY HOUSED AND DETAINED AT THE **ORLEANS** CORRECTIONAL FACILITY IN THE COUNTY OF ORLEANS, TOWN OF ALBION.

## C.L.A.I.M.S
*************

#1]    PETITIONER STATES THAT THE STATE OF NEW YORK DEPARTMENT OF CORR, IS UNABLE TO PROVIDE ADEQUATE CARE AND SAFETY TO THE PETITIONER DURING THE TIME OF THE PANDEMIC OF THE COVID-19 CRISIS.

#2]    PETITIONER FURTHER STATES THAT EVEN WITH THE TACTICS THAT THE STATE SAID TO HAVE BEEN PUT IN PLACE TO REDUCE THE SPREAD OF THE COVID-19, IT IS UNCONTROVERTED THAT THE STATE DEPARTMENT OF CORRECTIONS CAN NOT PREVENT THE HIGHLY COMMUNICABLE VIRUS FROM ENTERING THE FACILITIES AND FURTHERMORE STOP THE SPREAD OF THE VIRUS.

#3]    PETITIONER IS FORCED TO SLEEP IN CUMMUNAL AND BARRACK STYLE DORMS THAT RAISES THE FACT THAT IT IS IMPOSSIBLE TO ADHERE TO THE WARNING AND DIRECTION OF (6)-FEET DISTANCING. SUCH IS OXYMORON WHEN THE PETITIONERS SLEEPING QUARTERS ARE ONLY JUST ABOUT (3)-FEET APART FROM EACH OTHER.

#4]    PETITIONER POINTS OUT THAT THE SOCIAL DISTANCING IS IMPRACTICABLE IN THE PRISON SETTING, THE MEASURES THAT ARE STRESSED AS NEEDED TO CURB ANY SPREAD OF THE COVID-19 VIRUS. IT IS FURTHER UNCONTROVERTED THAT THE PEAK OF THE VIRUS WITHIN THE PRISON COMMUNITY HAS YET TO COME.

#5]    PETITIONER IS PLACED IN FACILITY WITH OTHER PRISONERS THE COVID-19 VIRUS DOES NOT EFFECT THEM BASED ON THE FACT THAT THEY ARE HEALTHY INDIVIDUALS TO THEIR KNOWLEDGE THEY WILL NOT SUCCUMB TO THE VIRUS, GUIDELINES TO PREVENTION, ALTHOUGH SUCH IS STILL IMPOSSIBLE WITHIN SUCH SMALL AND CLOSE QUARTERS.

#6]    IT IS WELL SETTLED THAT IN THE TYPE OF HOUSING UNITS WITHIN THE PRISON SYSTEM THE PETITIONER IS FORCED TO SHARE NOT ONLY SLEEPING SPACE BUT ASWELL TOILETS,SINKS,SHOWERS,CHAIRS, THE OPENING AND CLOSING OF THE DOORS IS INTWINED ASWELL, AND THE PETITIONER MUST ALSO SHARE THE AREA OF THE EATING QUARTERS THAT IS FURTHER DONE IN A COMMUNAL STYLE SUCH FOOD IS PREPARED AND GIVEN OUT BY PRISONERS THAT CAN NOT AND DO NOT CONFORM TO THE(6)-FEET STANDARD.

#7]    PETITIONER FURTHER POINTS TO THE HIGHLIGHT OF DAILY STAFF ROTATION IN AND OUT OF THE FACILITY, DEPARTMENT OF CORRECTIONS STATES THAT IT DOES CHECK THE STAFF FOR SYMPTOMS,HOWEVER IT IS UNCONTROVERTED THAT THE COVID-19 VIRUS IS A SILENT SLEEPER, AND FURTHER THE VAST MAJORITY OF PERSONS WITH THE VIRUS DO NOT SHOW ANY SYMPTOMS. THEREFORE THE SCREENING PROCESS ONLY PREVENTS THOSE STAFF MEMBERS WHO ARE SHOWING SIGNS OF SICKNESS.

#8]    UNCONTROVERTED EVIDENCE THAT CLEARLY REVEALED THAT THE COVID-19 IS A HIGHLY COMMUNICABLE VIRUS. UNCONTROVERTED EVIDENCE SHOWS THAT COVID-19 VIRUS IS SPREAD BY INFECTED PERSONS WHO SHOW **NO** SYMPTOMS TO WARN OTHERS OF THE POSSIBILITY OF THE ONCOMMING INFECTION.
(Michigan Appeals Court (2-1) Decision,May 28th,2020)
( http://apnews.com)

#9]    UNCONTROVERTED EVIDENCE REVEALS THE PETITIONER SUFFERS FROM A SUBSTANTIAL AND COMPROMISED IMMUNODIFICENCY, THAT GIVES GRAVE DANGER TO THE LIKELYHOOD SHOULD THE PETITIONER CONTRACT THE COVID-19 VIRUS PETITIONER WOULD SURELY SUCCUMB TO IT.

#10]    UNCONTROVERTED THAT THE CDC ADVISES PEOPLE IN CORRECTIONAL FACILITY ARE AT GREATER RISK FOR THE ILLNESS OF COVID-19, BECAUSE OF THE CLOSE LIVING QUARTERS WITH OTHER PEOPLE.

#11]    THE VIRUS IS SPREAD IN CLOSE QUARTERS BY WAY OF PERSON-PERSON THROUGH RESPIRATORY DROPLETS PRODUCED WHEN A PERSON COUGHS SNEEZES. THE VIRUS FURTHER SPREADS BY WAY OF TOUCHING OF OBJECTS THAT ARE SAID CONDUCTORS FOR THE VIRUS TO REMAIN AND LIVE FOR SOMETIME DAYS ON END IT NOTED THE LONGEST PERIOD APPEARS TO THREE DAYS ON CARDBOARD.

#12]    THE POINT HEREIN THIS PETITION IS THAT THE PETITIONER CAN NOT PRACTICE THE SOCIAL DISTANCING MEASURES THAT ARE NEEDED TO CONTAIN THE SPREAD OF THE VIRUS. THE CDC HAS FURTHER ADVISED THAT PEOPLE WITH CHRONIC AILMENTS SUCH AS THE PETITIONER ARE AT **HIGHER-RISK**.

#13]    THE CDC COVID RESPONSE TEAM ESTIMATED THAT 78 % OF THOSE ADMITTED TO INTENSIVE CARE HAD ATLEAST ONE PRE-EXISTING MEDICAL CONDITION, INCLUDING DIABETES,LUNG DISEASE,COMPROMISED IMMUNE SYSTEM. id.

#14]    THE COMMUNAL SETTING IS UNCONTROVERTED TO THE SPREAD OF THE VIRUS THE VIRUS POSES A GREAT RISK TO THE PETITIONER IF THE PETITIONER IS LEFT IN THE PRISON SETTING. THE EFFORTS THAT THE STATE HAS TAKEN ARE AMELIORATE HOWEVER DO NOT SHOW THE PROTECTION IS FOUNDED, AND FURTHER THE STATE DOES RECOGNIZE THAT THE INJURY AND IRREPARABLE HARM IS FORSEEABLE

#15]    PUBLIC HEALTH OFFICIALS AND EXPERTS WITH EXPERIENCE IN CORRECTIONAL SETTINGS HAVE SIMILARLY RECOMMENDED THE RELEASE FROM CUSTODY THOSE PRISONERS THAT ARE MOST **VULNERABLE** TO THE COVID-19(to protect the community interest) ASWELL THE PRISONERS.

#16]    PRISONERS AT THE HIGHEST RISK FACTOR OF **VULNERABILITY** TO COVID-19 ARE THOSE WITH COMPRIMISED IMMUNE SYSTEMS. THOSE INDIVIDUALS SHOULD BE THE REDUCTION OF THE PRISON POPULATION, SUCH ALSO ALLOWS FOR GREATER **MITIGATION** FOR ALL PEOPLE HELD OR WORKING IN THE CORRECTIONAL FACILITY.

28

#17]    PRISONS SUCH AS NEW YORKS ARE LOCATED IN SMALL RURAL COMMUNITIES AND BY REMOVING THE MOST **VULNERABLE PRISONER**, AS THE PETITIONER IN THE INSTANT MATTER. IT WOULD ALSO REDUCE ANY BURDEN ON THE COUNTIES LIMITED HEALTH CARE INFRASTRUCTURE. NEW YORK STATE GOVERNOR HAS FAILED TO ADDRESS THE **VULNERABLE INDIVIDUALS** WITHIN THE CORRECTIONAL FACILITIES, AND WHAT MEASURES ARE TO BE TAKEN TO ASSURE THE SAFETY OF THOSE IN SUCH POSITION.

## E X C L U S I O N A R Y    O R D E R
## M E D I C A L L Y    V U L N E R A B L E    P R I S O N E R S
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

#18]    IN THE MATTER OF "VALLEY FEVER", A FEDERAL JUDGE ENJOINED BY ONE STATE JUDGE SIMILARLY AGREED THAT, IT REJECTED ANY NOTION THAT **MEDICALLY VULNERABLE** PRISONERS PROBLEM WOULD BE SOLVED BY TRANSFER TO OTHER FACILITY AS ISSUE WAS STATE WIDE.

#19]    INFACT THE COURT FOUND THAT THE **APPROPRIATE REMEDY** BASED UPON THE FLUX OF PRISONERS SUCH AS NEW YORK STATE IN SMALL QUARTERS, THAT THE FLU COULD AND WOULD SPREAD RAPIDLY UPON THE ENTERING OF THE FACILITIES. THE FOUNDATION OF THE **ORDER** FOR HOME CONFINEMENT WAS **APPROPRIATE**.

#20]    **MEDICAL COMPRIMISED PRISONER, VULNERABLE**. WHICH THE MEDICAL **EXPERTS** HAVE DECLARED ARE AT THE HIGHEST RISK OF CONTRACTION AND THAT THE COMPRIMISE OF THE PRISONERS IMMUNE SYSTEM MAKES IT A MUCH MORE POTENTIAL POSSIBILITY FOR THE RISK OF **SERIOUS COMPLICATIONS** THAT WOULD ULTIMATELY LEAD TO **DEATH**.

#21]    **MEDICAL PROFESSIONALS**, INCLUDING THOSE EMPLOYED BY THE **UNITED STATES** GOVERNMENT, ARE ADVISING INDIVIDUALS THAT ARE SUSCEPTABLE AND **VULNERABLE** TO COVID-19, SHOULD SELF ISOLATE AND AVOID CONACT IN PLACES OF MORE THEN TEN PEOPLE. SUCH IS IMPOSSIBLE FOR THE PETITIONER IN ANY PRISON SETTING AND CURRENTLY THE PETITIONER IS HOUSED WITH        THEN FIFTY INDIVIDUALS IN BARRACK STYLE SETTING AND OTHER PRISONERS THE RECOMMENED SIX FOOT MEASURES, HOWEVER SUCH IS EXTREMELY IMPOSSIBLE.

#22]    SERVING SUCH ORDERS OF HOME CONFINEMENT AND MANDATORY OF THOSE
CONDITIONS TO BE ENFORCED BY WAY OF ELECTRONIC MONITORING,
ACKNOWLEDGING THOSE PRISONERS WITH SERIOUS UNDERLYING MEDICAL CONDITIONS
PURSUANT TO HEALTH OFFICIALS.
[plata-V-Brown,2013 U.S Dist. Lexis 90669](June 24/2013)

#23]    THE COURT IS IN A UNIQUE SITUATION AS THE STATE LEGISLATURE AGREES
THAT THOSE COMPROMISED SHOULD FURTHER BE RELEASED FROM CLOSE QUARTER PRISON
CONFINEMENT. THE COURT SHOULD RECOGNIZE THE PRECEDENT COURTS HAVE PROCLAIMED
" **THAT WHAT IS REASONABLE IN ORDINARY TIMES** ", " **IS QUITE DIFFERENT FROM
WHAT IS REASONABLE IN THESE TIMES OF EXTRAORDINARY CIRCUMSTANCES**".
THE COURT IS ASK TO GRANT THE PETITION BEFORE IT.

#24]    THE LAW IS FURTHER DETAILED THAT " WHEN A PRISONER IS PUT UNDER
CONSTITUTIONAL RESTRAINTS DURING THE LAWFUL CUSTODY, IT IS ARGUABLE
42-U.S.C-§ 1983, SHALL BE THE FORM TO REMOVE SUCH RESTRAINTS MAKING THE
CUSTODY ILLEGAL AT THE TIME.

#25]    PETITIONER STATES THE COURT SHOULD EXCEPT THE **EXIGENT** CIRCUMSTANCES
THAT ARE PRESENT IN THIS CLAIM GRANTING THE HEREIN RELIEF REQUESTED OF SUCH
IMMEDIATE RELEASE AND HOME CONFINEMENT ELECTRONIC MONITORING.
(Glaus-V-Anderson, 408,F.3d. 382,387(7th Cir 2005)

#26]    **UNUSUAL EXTRAORDINARY CIRCUMSTANCES** IN THE INSTANT MATTER
THE CURRENT TIME DO EXIST BEFORE THIS COURT AND THE COURT HAS THE AUTHORITY
TO PROPERLY EXERCISE  IN CAUTION THE PROPER RELEASE WITH PROTECTION FOR
BOTH THE COMMUNITY AND THE PETITIONER. THE SUSPENDING OF THE SENTENCE IS
INFACT WARRANTED, AND THE IMPLEMENTATION OF HOME CONFINEMENT IS PROPERLY
A REMEDY FOR THE COURT.  [People-V-Purley,747,AD.2d,499](1st Dept 2002)

#27]    THE PETITIONERS MEDICAL ISSUES RAISE THE CONCERN THAT PETITIONER
IS INFACT IN **GRAVE POSITION OF DEATH**, SHOULD PETITIONER CONTRACT THE VIRUS
THE ISSUE IS NOT A MERE ONE BUT ONE OF NOT ONLY INTELLIGENCE BUT ASWELL
COMPASSION IN THE MATTER, SURROUNDING STATES HAVE ADDRESSED THE ISSUE OF
ITS **VULNERABLE** PRISONERS BUT NEW YORK STATE HAS FAILED TO DO SO.
APPEARING TO WAIT FOR A DRASTICT TURN OF EVENTS THAT WILL BE IRREPARABLE.
(Bergamaschi-V-Cuomo no:20.cv2817)

#28]     THE WORLD HEALTH ORGANIZATION, ASWELL THE WHITE HOUSE TASK FORCE HAVE STATED AFFIRMITIVELY, THAT THE SECOND WAVE OF MASSIVE INFECTION IS SURELY TO SPIKE. FURTHERMORE THE CDC STATES THAT THE PANDEMIC HAS NOT REACHED ITS PEAK LEVELS IN THE CORRECTIONAL SETTINGS.

#29]     PETITIONER ASK THAT THIS COURT INVOKE ITS RIGHT TO GRANT SUCH RELIEF IN THE INSTANT MATTER. CONGRESSIONAL LEADERS ARE HOWEVER CALLING FOR THE RELEASE OF PRISONERS THAT ARE COMPROMISED NATION WIDE. REITERATING THAT THOSE WHO ARE AT HIGH GREATER RISK SHOULD BE IMMEDIATELY RELEASED FROM THE PRISON SETTING IN HOPES OF PREVENTING A TRAGIC DEATH WITHIN THE PRISON SETTING AND FURTHER ALLOWING THOSE WHO ARE MORE LIKELY TO SUCCMB TO THE COVID=19 TO PASS IN THE COMFORT OF LOVE ONES. [Senator Kamala Harris/Rep Hakeem Jeffries](http://apnews.com)

#30]     IT IS WITH THIS IN MIND THAT THE EVIDENCE  IS THAT THE STATE DEPT. OF CORRECTIONS CANNOT PREVENT THE VIRUS FROM ENTERING THE FACILITY. ASWELL THE MINOR STEPS THAT THE FACILITIES HAVE TAKEN ARE NOT BEING ADHERED TO BY THE OVERWHELMING MAJORITY OF THE POPULATION. INFACT THE FACILITY WHERE THE PETITIONER IS HOUSED,THE PRISONERS WHO SIMPLY DON'T CARE HAVE ACTUALLY TURNED THE DORM INTO A GYM WITH SWEATING AND EXCERCISING IN THE SLEEPING QUARTERS.THE GYMS WERE CLOSED ON A NATIONAL LEVEL FOR GOOD HEALTH REASONS, ONCE THE VIRUS ENTERS ORLEANS FACILITY IT WILL SPREAD RAPIDLY.

#31]     THE STATES ATTEMPTS ALSO FALL SHORT, IT SHOULD BE NOTED THAT THE ANTIBODY TEST THAT WAS PROVIDED TO THE DEPARTMENT WAS NOT IMPLEMENTED AS MANDATORY FOR ALL STAFF BUT ONLY VOLUNTARY, AN OVERWHELMING AMOUNT OF THE OFFICERS HAVE NOT TAKEN THE TEST

PETITIONER HAS ESTABLISHED THAT THE DURATION OF THE SENTENCE IS AT QUESTION IN THE INSTANT MATTER ALONG WITH THE PRISON SETTING, EITHER ALONE OR COMBINED DO POSE THE SIGNIFICANT UNREASONABLE RISK OF SERIOUS DAMAGE TO THE PETITIONERS LIFE, PHYSICAL, MENTAL. AS THE PRISON SETTING DURING THE EXTREME EVENTS THAT ARE UNWINDING RISE TO THE QUESTION OF DURATION OF THE INSTANT SENTENCE, AND SHOULD BE WEIGHED IN LIGHT OF CONTEMPORARY STANDARDS OF THE PRESENT TIME.

PETITIONER QUALIFIES AND MEETS THE THRESHOLD NEED OF JUDICIAL INTERVENTION AS A SERIOUS CONSTITUTIONAL QUESTION DOES ARISE AND WILL CONTINUE TO ARISE WITH PETITIONERS CONTINUED INCARCERATION. THE EIGHTH AMENDMENT PROHIBITS AND PROTECTS AGAINST CRUEL AND UNUSUAL PUNISHMENT. WHEN PETITIONER IS PLACED UNDER ANY "ADDITIONAL" AND UNCONSTITUTIONAL RESTRAINTS DURING THE LAWFUL CUSTODY, IT IS ARGUABLE THAT THE MEANS FOR THE REMOVAL IS BY WAY OF 42-U.S.C-§ 1983, THIS FORUM REMOVES THE RESTRAINT COMPLAINED OF THAT MAKES THE CUSTODY ILLEGAL.
[Glaus-V-Anderson, 408,F.3d,382,387,(7th Cir 2005]

. THE SECOND CIRCUIT COURTS EXPLANATION AS TO THE EIGHTH AMENDMENT CONCERNING WHETHER EXPOSURE TO SPECIFIC CONDITION CONSTITUTES "CRUEL AND UNUSUAL", DEPENDS ON SEVERAL FACTORS . THE RISK TO THE EXPOSURE, THE LENGHTH TO THE EXPOSURE, AND THE DURATION OF THE EXPOSURE ALONG WITH THE SEVERITY OF THE EXPOSURE.
[Willy-V-Kirkpatrick,801,F.3d,51,69(2nd Cir 2015]

ALTHOUGH SERIOUS INJURY IS NOT IN ITSELF UNEQUIVOCALLY A NECESSARY ELEMENT , THE FACT THAT THE IMMINENT THREAT OF HEALTH AND SAFETY ARE SO BASED ON PRISON SETTING AS CONGREGATE LIVING IS RELEVANT TO WEIGH ANY INTERPRETATION OF THE SERIOUSNESS OF THE FORESEEABLE UNCONTROVERTED CLAIMS, THAT AMOUNT TO THE DIRECTION OF DELIBERATE INDIFFERENCE TO PLACE PETITIONER IN AREA OF HIGH RISK SPREAD ENVIRONMENT AS AN UNWILLING PERSON TO BE EXPOSED AT GREATER RISK.

# C L A I M
## N E G L I G E N C E
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# 3Q]                    **NEW YORK STATE AND ITS AGENTS**, FAILED TO PROPERLY DEPLORE THE COVID-19 PROTOCOL, THAT DID SO LEAD TO THE **EXPOSURE AND OR CONTRACTION OF COVID-19, VIRUS.**

# 33]     IT IS FURTHER **UNCONTROVERTED** THAT **ASYMTOMATIC INDIVIDUALS ARE 59 % MORE LIKELY TO TRANSMIT THE SLEEPING, SILENT VIRUS WITH OUT WARNING. THE PLAINTIFF WAS SO EXPOSED TO THE VIRUS BY THE ACTIONS OF THE DEFENDANTS** WHOM FAILED TO PROPERLY FOLLOW THE COVID-19 PROTOCOLS IN PLACE, PERTAINING TO QUARANTINE AND CONTACT TRACING PROCEDURES.

# 34]     THE DEPARTMENT OF CORRECTIONS SHOWED A DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE WHEN THE DEFENDANTS, ON OR ABOUT SOMETIME IN THE MONTH OF NOVEMBER RECOGNIZE A POSSIBLE COVID-19 EXPOSURE BY KNOWN NON-ESSENTIAL EMPLOYEE, ( COUNSELOR Ms. SCHIFANO ) IT IS BELIEVED BY WAY OF INFORMATION AND OR BELIEF ASWELL, INFORMATION PROVIDED TO ME BELIEVED TO BE TRUE AND SO CORRECT.

# 35]     PLAINTIFF REALIGNS AND STATES THE FOLLOWING TO BE FURTHER TRUE IN SUPPORT OF THE CLAIMS HEREIN PRESENTED. DEPARTMENT OF CORRECTIONS CONTINUES TO COMPOUND THE SITUATION, CREATING A FORSEEABLE DANGER AND RISK TO THE PLAINTIFFS WELLBEING, THAT SOMETIME ON OR ABOUT IN THE MONTH OF DECEMBER 2020 ASWELL THE MONTH OF NOVEMBER, THAT SEVERAL PRISONERS WERE IN FACT EXPOSED TO THE COVID-19 VIRUS BY COUNSEL (SCHIFANO).

# 36]     IMPROPER PROCEDURES, WHEN THE DEFENDANTS DISCOVERED THE POSSIBLE EXPOSURE TO ANY NUMBER OF PRISONERS WHOM WERE IN DISTANCE OF SAID CIVILIAN AND OR IN THE SCHOOLING COUNSELOR AREA SHOULD HAVE BEEN IMMEDIATELY PLACED INTO QUARANTINE. HOWEVER, INSTEAD OFFICIALS CHOSE TO SEND THOSE PRISONERS WHOM WERE LIKELY EXPOSED BACK TO THE DORMITORY AREA WITH OTHER PRISONERS THAT HAD NOT BEEN EXPOSED.

# 36]    IT WAS SOMETIME AFTER THOSE PRISONERS RETURN TO THE SLEEPING AREA THAT THE PRISONERS WERE EVENTUALLY MOVED AND PLACED INTO QUARANTINE. THE AMPLE ABILITY TO SPREAD AND EXPOSE OTHER PRISONERS WAS ALREADY DONE. THE PRISONERS THAT WERE EXPOSED SHOULD HAVE BEEN PROPERLY PLACED INTO THE QUARANTINE HOUSING UNIT UPON LEAVING THE SCHOOLING COUNSELOR AREA BUILDING. NOT PERMITTED TO RETURN TO THE HOUSING UNIT RISKING THE EXPOSURE OF OTHER PRISONERS ASWELL STAFF.

# 37]    THE C.D.C ASWELL NEW YORK STATE DEPARTMENT OF HEALTH GIVE GUIDENCE AND THE NEW YORK STATE HAS MADE IT THE CONTROLING PROCEDURES; THAT UPON EXPOSURE,QUARANTINE SHOULD BE FOR A PERIOD OF 10- OR UNTIL THE RESULT OF THE TEST RESULTS PENDING. IF PERSON IS EXPOSED AND INFECTED SAID QUARANTEEN SHOULD BE FOR A PERIOD OF 14-DAYS AND OR UNTIL SYMPTOMS CLEAR UNLESS ASYMTOMATIC THEN 14-DAYS UPON POSITVE COVID-19 TEST.

# 38]    THE DEFENDANT KNEW OR SHOULD HAVE KNOWN THE PROPER PROTOCOL AND THE IMPLEMENTED PROCEDURES FOR COVID CONTROL, AND FURTHER SHOULD HAVE KNOWN THAT TRANSFERS WERE BEING DONE AND THAT THOSE PRISONERS WHOM WERE TRANSFERED TO THE ORLEANS CORRECTIONAL FACILITY MUST BE SUBJECT  TO THE FOLLOWING PROCEDURES AND PRTOCOLS SET IN PLACE FOR COVID-19 CONTROL.

# 39]    NEW ARRIVALS AT FACILITY WERE TO BE QUARANTINE FOR A PERIOD OF NO MORE THEN 14-DAYS AND OR UNTIL TEST RESULTS ARE FINISHED. HOWEVER ON OR ABOUT SOMETIME IN THE MONTH OF DECEMBER 2020, ON THE 20th DAY SEVERAL PRISONERS WHOM ARRIVED ON THE TRANSFER BUS WERE RELEASED FROM QUARANTINE 2-OR MORE DAYS PRIOR TO THE EXPIRATION OF THE QUARANTINE PERIOD ASWELL THE TEST RESULTS. ON THE 22nd DAY OF DECEMBER THOSE PRISONERS WERE REMOVED FROM THE POPULATION AFTER THE COVID-19 TEST RETURNED AS POSITIVE RESULTS. THE QUARANTINE PRISONERS SHOULD NOT HAVE BEEN,RELEASED FROM  QUARANTINE UNTIL, THE FINAL DAY OF 14-DAYS AND OR THE RESULTS OF TEST, AS A RESULT THE DEFENDANT EXPOSED AND OR INFECTED THE PLAINTIFF BY SUCH ACTIONS.

IN FACT THE TEMPORED CONDITIONS IN THE DEPARTMENT OF CORRECTIONS CANNOT BE CHANGED IN ANY ASPECT THAT WOULD PREVENT THE SPREAD OR THE IMMINENT CONTRACTION OF THE VIRUS, OR RATHER EVEN THE ENTRY OF THE VIRUS INTO THE CONGREGATED LIVING FACILITIES.
THE WAY OF A CIVIL 1983 REMEDY THE MATTER.

UNCONTROVERTED EVIDENCE PROVES THAT "MAN KIND" NOR THE DEPARTMENT OF CORRECTIONS, CAN PREVENT THE VIRUS FROM ENTERING THE FACILITIES OR FOR THAT MATTER ANY PLACE THE VIRUS CHOSES TO ENTER. NOR CAN THEY LOWER THE RISK OF THE HIGH RISK POSSIBILITY OF THE PETITIONER WHO SUFFERS FROM UNDERLYING MEDICAL CONDITIONS THAT MAKE THE PETITIONER SUSCEPTABLE

SOCIETY RECOGNIZES SUCH AS UNUSUAL AND EXTRAORDINARY TIMES UNDER THE CIRCUMSTANCES, GIVING THE OBJECTIVE INDICIA THAT R EJECTS THE IMPRISONMENT OF TERMILLY ILL INDIVIDUALS SUCH AS THE PETITIONER IN GRAVE DANGER THAT IS ABSOLUTELY FORESEEABLE. PUBLIC HEALTH OFFICIALS WITH EXPERT TRAINING IN THE DEPARTMENT OF CORRECTIONS SETTINGS, KNOW AND UNDERSTAND THE DISREGARD FOR THE INCARCERATED. ASWELL THEY HAVE CALLED FOR THE RELEASE OF THOSE WHO ARE IN THE VULNERABLE MEDICALLY COMPROMISED POSITION TO BE IMMEDIATELY RELEASED FROM THE PRISON SETTINGS TO REDUCE THE LIABILITY OF CONTRACTION AND THE DEATH RATE. THE GOVERNOR OF NEW YORK STATE HAS FAILED TO ENACT ANY SUCH LAWS.

DEPARTMENT OF CORRECTIONS OFFICERS AND EMPLOYEE UNIONS HAVE TAKEN AN ADVERSE POSITION TO THE RELEASE OF THE VULNERABLE AND MEDICALLY COMPROMISED, SUCH IS BASED ON STRICKLY THE FEAR OF JOB SECURITY AND NOT THE LIVES OF THE INDIVIDUALS, WHOM AT   GREATER RISK TO SUCCUMB TO THE VIRUS. IT WOULD BE INCOGITANT TO WHOLLY BELIEVE THAT THE DEPARTMENT OF CORRECTIONS HAS THE BEST INTEREST OF THE PETITIONER AT FRONT OR ANY PRISONER OF THE SAME UNDERLYING CONDITIONS.

DEPARTMENT OF CORRECTIONS
PREVENTIVE MEASURES EQUAL
PRIMA FACIE; RED HERRING

(A)  NO DEGREE OR MEASURES CAN PROPERLY ENSURE THE SAFETY OF THE PETITIONER WITHIN THE DEPARTMENT OF CORRECTIONS DURING THIS EXTRAORDINARY TIME. IT IS AFFIRMATIVELY UNCONTROVERTED CLAIM THAT THE ALLEGED MEASURES DO NOT DECREASE THE HIGH RISK AND PROBABILITY OF THE PETITIONER CONTRACTING THE COVID-19 VIRUS WHILE INCARCERATED, THEREFORE THE DEPARTMENT OF CORRECTION HAS FAILED TO MEET THE OBLIGATION UNDER THE CONTRACT OF GATEKEEPER.

## T E M P E R A T U R E    C H E C K

(B)  THIS MEASURE IS INFACT REPUGNANT AND SHOULD BE FROWNED UPON IN SUCH SETTING. THE MEDICAL EXPERTS HAVE ALREADY UNCONTROVERTEDLY STATED THAT THE GREATER NUMBER OF    INFECTIONS IS CARRIED BY THOSE WHO ARE **ASYMPTOMATIC** INDIVIDUALS, AND SHOW NO WARNING SIGNS OF THE SILENT SLEEPER VIRUS.

(C)  THE FACT IS COMPOUNDED BY THE INDIFFERENCE OF NOT MANDATING THAT ALL CORRECTIONAL OFFICERS UNDERGO THE ANTIBODY TESTING. THE STATE CORRECTIONS WAS INFACT GIVEN (50)-THOUSAND ANTIBODY TEST, FOR THE EMPLOYMENT OF ONLY (30)-THOUSAND EMPLOYEES. HOWEVER IN SHORT THE TEMPERATURE CHECK IS NO SAFEGUARD TO STOP THE COVID FROM ENTERING THE FACILITY.

## H A L T I N G    O F    I N T A K E    O R    T R A N S F E R S

(D)  IT IS IRONIC THAT THE DEPARTMENT OF CORRECTIONS, STATE THAT THIS PREVENTION MEASURE WILL STOP THE COVID-19 FROM ENTERING THE FACILITY. ONLY BECAUSE THE DEPARTMENT MUST AND WILL RESUME THE TRANSFERING OF THE PRISONERS. TRANSFERS RESUMED IN CORRECTIONS JUNE 8th, 2020. AT ORLEANS.

(E)  LOOKING BACK IN HINDSIGHT THE PREVENTION MEASURE WAS EVEN IMPLEMENTED LATE. ON OR ABOUT THE 15th OF MARCH 2020, THE DEPARTMENT OF CORRECTIONS DID INFACT HALT TRANSFERS, HOWEVER ONLY TO RESUME THEM ON MARCH 17th, 2020. UPON THE DEPARTMENT DOING SO IT TRANSFERED SIXTEEN INDIVIDUALS WHO WERE ABOARD A TRANSFER BUS WITH [ HARVEY WEINSTEIN ]. THOSE PRISONERS WERE BROUGHT TO THE ORLEANS CORRECTIONAL FACILITY.

(F)   ALL OF THE SIXTEEN INDIVIDUALS HAD OR WERE IN CONTACT ON THE SAME TRANSFER BUS WITH [WEINSTEIN], IT WAS LATER CONFIRMED THAT [WEINSTEIN] WAS INFACT A CARRIER AND INFECTED WITH THE COVID-19 VIRUS. THE INDIVIDUALS WERE ACTUALLY LEFT IN THE HOUSING UNIT WITH THE PETITIONER AND OTHER INDIVIDUALS FOR WELL OVER TEN(10)-DAYS BEFORE BEING QUARINTINE.

(G)   THEREFORE WITH RESPECT TO THAT MEASURE, THE DEPARTMENT OF CORRECTION WILL EVENTUALLY BEGIN TO ONCE AGAIN CONDUCT TRANSFERS. THE MEASURE IS THEREFORE SHORT LIVED AND STILL PLACES THE PETITIONER AT GRAVE RISK AS IT DOES NOT ULTIMATELY PREVENT THE COVID-19, FROM ENTERING THE PRISON

## F A C E   C O V E R I N G S

(H)   THE WORLD HEALTH ORGANIZATION, ASWELL CENTER FOR DISEASE AND CONTROL HAVE RECENTLY RECOMMENED AND ADVISED FURTHER, THAT WHERE THE VIRUS CAN SO SPREAD RAPIDLY. """" TEDROS " STATED THAT THE "MASK" "WILL NOT " PREVENT" YOU FROM CONTRACTING THE COVID-19 ON ITS OWN, AND EMPHASIZED ON THE SERIOUSNESS FOR SOCIAL DISTANCING FOR THOSE OVER THE AGE OF (60) SIXTY AND OR PERSONS WITH **UNDERLYING MEDICAL CONDITIONS.**
(https://apnews.com/virusoutbreak.)

(I)   FURTHER RECOGNIZING IN THIS MATTER, THAT THE DEPARTMENT OF CORRECTIONS HAD NO GREAT INTENTIONS OF HANDING OUT ANY MASK TO THE PRISONER POPULATION. HOWEVER AT THE CALL OF THE GOVERNOR, CORRECTIONAL OFFICIALS ISSUED FACE MASK TO THE STAFF. WEEKS PASSED BY BEFORE THE DEPARTMENT RECIEVED A GENEROUS DONATION FROM PRISONER ADVOCATES OF ROUGHLY FOURTY THOUSAND MASK FOR THE PRISONERS.

(J)   THE REMEDY AND REALITY OF THE FACE MASK IS TWO FOLD AND DOES NOT GIVE RISE TO A GUARANTEE THAT PRISON OFFICIALS HAVE ISOLATED AND OR CAN STOP THE VIRUS FROM INTRUDING INTO THE CORRECTIONAL SYSTEM AND ATTACKING THE **VULNERABLE.** IN ANY MANNER THE ALLEGED MEASURES ONLY ARE SAID TO SLOW THE RATE OF SPREAD NOT STOP IT. THUS WHEN STAFF ALONG WITH OTHER PRISONERS REFUSE TO TAKE THE COVID-19 SERIOUS IT CREATES A DELIBERATE INDIFFERENCE PLACING THE PETITIONERS LIFE IN JEOPARDY.

37

## N O N E S S E N T I A L    P E R S O N N E L

(K)  THIS MEASURE HAS ALREADY HALTED AS THE DEPARTMENT OF CORRECTIONS HAS BEGAN ADMITTING SUCH STAFF BACK INTO THE FACILITIES AS OF THIS DATE. THEREFORE THIS MEASURE IS NO LONGER IN EFFECT.

## S O C I A L    D I S T A N C I N G

(L)  **IT IS UNCONTROVERTED** EVIDENCE THAT SUCH IS IMPOSSIBLE WITHIN THE PRISON SETTING OF CONGREGATE. ONCE AGAIN LOOKING BACK AT THE FORM OF HOUSING BEING BARRACK STYLE DORMS, THAT WERE ONLY MEANT TO CONTAIN A POPULATION OF (30)-INDIVIDUALS. THOSE DORMS WERE ONCE FORCED TO HOLD (90)-INDIVIDUALS, AND AT THE CURRENT TIME THE DORM IS HOLDING(60)-INDIVIDUALS, BEING OVER CAPACITY.

(M)    FURTHER INCLUDES THE FACT OF THE SHOWER AREA,TOILET AREA AND THE EATING AREA EVEN AN ATTEMPT TO SOCIAL DISTANCE IS VIRTUALLY IMPOSSIBLE. THIS PREVENTION CLAIM ASWELL FAILS AND DOES NOT CLAIM TO BE ABLE TO PROTECT THE PETITIONER FROM BEING AT HIGH RISK AND CONTRACTING THE VIRUS WHILE BEING IN THE OVER CROWED INSTITUTION UNABLE TO SOCIAL DISTANCE.

(N)  THE ALLEGED PREVENTIVE MEASURES ARE SIMPLY A **PRIMA FACIE** ON FIRST APPEARANCE,SUCH IS ON THE LEVEL OF"**RED HERRING**", AND SUCH DOES SIMPLY DISTRACT ONE FROM THE TRUE INTENT AND OBVIOUS TRUTH THAT THE DEPARTMENT OF CORRECTIONS WILL HAVE OUTBREAKS AND THE **VULNERABLE** WILL SURELY SUCCUMB IN THE EVENTS (See Sullivan Correctional/Wendy Correctional id.)(death)

(O)  THE MEASURES ARE NO MORE THEN THE MERE ATTEMPT FOR JOB SECURITY OVER THE ACTUAL **IMMINENT** AND **INEVITABLE DANGERS** THAT ARE **FORESEEABLE** AND MADE BY AN **UNREASONABLE SAFETY THREAT.** THERE IS NO QUESTION THAT DELIBERATE INDIFFERENCE EXIST AND YET IS SIMPLY BEING GIVEN THE BLIND EYE TO SAVE THE JOBS OF DEPARTMENT OF CORRECTIONAL EMPLOYEES. THE LIVES OF THOSE THAT ARE AT RISK IS JUST TO GREAT FOR THE JUDICIAL SYSTEM TO OVER LOOK. IT IS ASCERTAIN THAT THE COVID-19 WILL EVENTUALLY ENTER EACH AND EVERY PRISON SETTING SUCH IS UNAVOIDABLE.

(P.) THE IMPLEMENTED STEPS THAT THE DEPARTMENT OF CORRECTIONS HAS TAKEN MAY BE IN STEP WITH HEALTH LEADERS ADVISORY, HOWEVER SUCH IS **IMPOSSIBLE** TO INACT AND OR TO ENFORCE ASWELL TO COMPLY WHERE THE LIVING QUARTERS ARE ABOVE CONGREGATED AND CROWDED, FURTHER REITERATING THE MEASURES DO **NOT** GIVE AFFIRMATIVE DEFENSE THAT THE GATEKEEPER CAN PREVENT THE VIRUS FROM ENTERING OR SPREADING AND FOR THAT MATTER CONSUMING THE LIFE OF THE PETITIONER, THEREFORE THE MEASURES SHOULD BE SEEN AS **FORMIDABLE.**

(Q) THE MEASURES THE PETITIONER STATES AFFIRMATIVELY, DO **NOT STOP OR EVEN STATE TO PREVENT THE CONTRACTING** OF THE COVID -19 IN THE CONGREGATED SETTINGS IN WHICH PETITIONER IS CURRENTLY HOUSED AND FURTHERMORE OTHER PRISON SETTINGS WOULD BE **FUTILE** AS VENTILATION IS BY WAY OF CELL-TO-CELL. PETITIONERS RATIONAL IS STRONG ENOUGH FOR THE PRINCIPLE OF THE THRESHOLD REQUIRED. **THAT WHEN THE STATE EXERCISES ITS POWER AND DOES RESTRAIN ANY INDIVIDUALS LIBERTY, THAT RENDERS PERSON UNABLE TO CARE FOR SELF.** THE STATE MUST BE ABLE TO **PROTECT** THE PERSON FROM **DANGERS** AND OR **HARM.** AND NOT SIMPLY STATE THAT THEY ARE TRYING.

(R) THEN WHEN THE STATE FAILS TO PROVIDE THIS ADEQUATE **PROTECTION** AND THE PRINCIPLE OF SAFETY, IT TRANSGRESSES THE SUBSTANTIVE LIMITS ON STATE ACTION SET BY THE **CONSTITUTION,** PROTECTIONS GUARANTEED TO A CONVICTED PRISONER ARE VIOLATED.
[ City of Revere,463 U.S,239,244,103, S.CT 2997]
[ Mcpherson-V-Lamont, NO: 3;20-CV-534][2020 WL2198279,at *5]

(S) IN THE MATTER OF"HELLING", THE UNITED STATES SUPREME COURT HELD THAT PRISONER COULD STATE **COGNIZABLE CLAIM** UNDER EIGHTH AMENDMENT BASED ON THE **UNREASONABLE RISK OF SERIOUS DAMAGE TO FUTURE HEALTH.** IN SUCH SOCIETY CONSIDERS THE RISK OF COVID-19 TO BE GRAVE, AND SUCH VIOLATES CONTEMPORNEOUS STANDARD OF DECENCY TO EXPOSE OR BE UNABLE TO PROTECT FROM EXPOSURE IN THE CONGREGATE QUARTERS. THIS IS CONSIDERED AN **UNWILLINGNESS** TO SUCH RISK.
[509,U.S.at 35]
[Thompson-V-Choinski,525 F.3d,205,209](2nd Cir 2008)

THE PETITIONER HAS DEMONSTRATED A FORSEEABLE RISK TO UNREASONABLE RISK OF SERIUOS DAMAGE TO PETITIONERS FUTURE AND IMMINENT HEALTH.

THE DEFENDANTS ACTIONS AND NEGLIGENCE ASWELL FAILURE TO PROPERLY FOLLOW PROTOCOLS AND PROCEDURES DID SO PLACE THE PLAINTIFFS LIFE AND OR WELLBEING IN A FORSEEABLE DANGEROUS SITUATION THAT COULD AND SHOULD HAVE BEEN AVOIDED HAD THE DEFENDANTS FOLLOWED THE PROPER PROTOCOLS AND PROCEDURES. WHEREFORE BASED UPON THE ACTIONS AND OR INACTIONS OF THE DEFENDANTS HEREIN THE COMPLAINT THE RIGHTS OF THE PLAINTIFF WERE VIOLATED AND REDRESS IS SO AVAILABLE BY WAY OF THIS 42-U.S.C §§ 1983 and 1988.

## P R A Y E R   F O R   R E L I E F

**WHEREFORE,** PLAINTIFF RESPECTFULLY REQUEST A JUDGEMENT AGAINST ALL NAMED DEFENDANTS AS FOLLOWS;

(A)      IMMEDIATE RELEASE FROM THE CONDITIONS CREATED BY WAY OF STATES CONFINEMENT, FURTHERMORE SUPERVISION BY WAY OF THE COUNTY THAT IMPOSED THE LAWFUL SENTENCE AT THE TIME OF SENTENCING, BY WAY OF PAROLE AND OR PROBATION IN SAID COUNTY UNDER HOUSE ARREST AND OR GPS MONITORING ANKLE MONITOR.

(B)      COMPENSATORY DAMAGES AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY IN THE UNSPECIFIED AMOUNT TO BE DETERMINED BY THE JURY.

(C)      PUNITIVE DAMAGES AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY IN THE AMOUNT TO BE SO DETERMINED BY THE JURY AWARD AND OR COURT.

(D)      REASONABLE ATTORNEY FEES AND COST PURSUANT TO 28-U.S.C § 1988 AND ANY AND ALL OTHER RELIEF THIS COURT DEEM SO JUST AND PROPER IN THE INSTANT MATTER BEFORE THE COURT.

DATE: _3/2/2021_

SWORN TO BEFORE ME, THIS 2ND DAY OF _March_ 20_21_

_Mark G. Well_

```
MARK G. WELLS
Notary Public, State of New York
Qualified in Orleans County
No. 01WE6134974
Commission Expires Oct. 11, 20 21
```

SWORN TO BE TRUE AND CORRECT ON THIS PLAINTIFFS SIGNATURE

_Tracy W. Sum_

Undersigned Plaintiff

40